UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:

    WALTER MORALES                                BK No. 09-13429
    BLANCA MORALES
           Debtor(s)                         Chapter 13

**<u>ORDER CONFIRMING CHAPTER 13 PLAN</u>**

    The Debtor(s) filed a Chapter 13 Plan (The "Plan") on March 11, 2010. Debtor(s) filed a Certificate of Service on March 11, 2010, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1.   The Plan is confirmed. The term of the Plan is 60 months.

2.   The motion to modify the first mortgage secured claim of Litton Loan Servicing is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the mortgage in favor of Litton Loan Servicing on the Debtors' property at 37 McMillen Street, Providence, Rhode Island shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

   The motion to modify the second mortgage secured claim of Wilshire Credit Corporation is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the mortgage in favor of Wilshire Credit Corporation on the Debtors' property at 37 McMillen Street, Providence, Rhode Island shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

3.   The motion to avoid the lien N/A

4.   The motion to assume or reject lease N/A

5.   The Debtors shall forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $408.00 per month for 60 months.

6.   The debtors shall pay to the Trustee all federal income tax refunds in excess of $1,500.00 received during each year of the Plan.

7.   The effective date of confirmation of the Plan is April 8, 2010.

8.   The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

9.   Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

10.  The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

11.  The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

12.  The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

13.  The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

14. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

15. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

16. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

17. This order is effective for the plan confirmed on April 8, 2010 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

ORDER:                                          ENTER:


\_JLD_____                      \_\_\_*[signature]*_____
Deputy Clerk                                    Arthur N. Votolato
                                                U.S. Bankruptcy Judge
                                                Date: 4/19/2010

Entered on Docket: 4/19/2010

## CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Mr. & Mrs. Walter Morales, 37 McMillen Street, Providence, RI 02904 and electronically mailed to John Ennis, Esq. at jbelaw@aol.com on April 9, 2010.

/s/ Dana A. Westerkamp

In re:   Walter & Blanca Morales                         BK-09-13429

    SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A.  DOMESTIC SUPPORT OBLIGATION CLAIMS

    None

B.  ADMINISTRATIVE CLAIMS

    None

C.  PRIORITY CLAIMS

    Priority tax claims for which claims are properly filed shall be paid next.

D.  SECURED CLAIMS

    Litton Loan Servicing will be paid its pre-petition first mortgage arrearage in the approximate amount of $10,233.00 next after priority claims.

    Greenwood Credit Union will be paid its pre-petition arrearage in the approximate amount of $1,033.00 next.

    The debtor(s) shall be responsible for the ongoing monthly first mortgage payments to Litton Loan Servicing and the secured loan payments to Greenwood Credit Union and Rhode Island Credit Union.

E.  UNSECURED CLAIMS

    All unsecured creditors shall receive not less than 2% of the amount of their claims duly proved and allowed by the Court.

F.  OTHER PERTINENT PROVISIONS

    None